UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M. ZELL WILLIAMS,                  Case No. 1:04-cv-675

      Plaintiff,                        Spiegel, J.
                                       Black, M.J.
vs.

ZUMBIEL BOX AND
PACKAGING COMPANY,

      Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 16) BE GRANTED IN PART AND DENIED IN PART**

Plaintiff M. Zell Williams initiated this action by filing a *pro se* complaint following the termination of his employment with defendant Zumbiel Box and Packaging Company. (Doc. 1). Plaintiff, an African-American, claims that his former employer discriminated against him on the basis of race in violation of his rights under Title VII of the Civil Rights Act and the United States Constitution. (*Id.*)

This matter is now before the Court on defendant's motion for summary judgment (doc. 16) and the parties' responsive pleadings (docs. 18, 19, 20).

**I. STANDARD OF REVIEW**

Summary judgment is proper if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the governing substantive law, might affect the outcome of the action. *Anderson*, 477 U.S. at 248. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

In response to a properly supported motion, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (citing *Patterson v. General Motors Corp.,* 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied,* 451 U.S. 914 (1981)).

## II. DISCUSSION

Defendant argues that it is entitled to judgment as a matter of law on plaintiff's claims of discrimination in violation of Title VII because plaintiff did not file his complaint within 90 days of receiving his Notice of Right to Sue, as required by 42 U.S.C. § 2000e-5(f)(1). Defendant also argues that it is entitled to summary judgment on plaintiff's constitutional claims because, as a private employer, it is not a proper

defendant for such claims.

Plaintiff opposes the motion for summary judgment on the ground that, contrary to defendant's assertion, his complaint was filed within the 90-day period provided by law. He also alleges further discriminatory conduct by defendant that violated his rights and the rights of other African-American employees.

For the reasons that follow, defendant's motion for summary judgment should be granted in part and denied in part.

A.

It is well established that, before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and then file suit within ninety days after receiving the letter. *See* 42 U.S.C. § 2000e-5(e), (f); *Truitt v. County of Wayne,* 148 F.3d 644, 647 (6th Cir. 1998); *Peete v. American Standard,* 885 F.2d 331, 331- 32 (6th Cir. 1989). Although the time limit to file a Title VII action is not jurisdictional, it is still a condition precedent to filing an action in federal court. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982); *Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 855 F.2d 324, 326 (6th Cir. 1988). Equitable tolling, waiver, and estoppel are available only in compelling cases which justify a departure from established procedures. *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir. 1989).

Plaintiff received a right-to-sue letter from the EEOC and attached a copy to his response to the motion for summary judgment. (*See* doc. 18). He asserts that he received

the letter 18 days after the mailing date indicated on the letter, May 11, 2004. (*See id.*) Thus, according to plaintiff, he received the right-to sue letter on May 29, 2004; and, if so, the 90-day filing period ended on August 27, 2004.

The complaint was filed, however, on September 29, 2004, more than thirty days late. Plaintiff has not presented any evidence to show that equitable reasons exist to excuse his failure to file within the 90-day period. Because the filing period generally begins running when the plaintiff receives the written notice, *Truitt,* 148 F.3d at 647, his assertion that the document was mailed to the wrong address (*see* doc. 20) does not excuse his failure to file his complaint within the 90-day period.

Accordingly, defendant's motion for summary judgment should be granted, in part, because plaintiff's claims under Title VII are time-barred.

B.

In addition to claims arising under Title VII, plaintiff also alleges that defendant's discriminatory practices violated his constitutional rights under the First, Fifth, and Fourteenth Amendments. (*See* doc. 1). He does not specify the statutory authority under which he brings his claim, for example, whether he is proceeding pursuant to 42 U.S.C. §§ 1981, 1983, 1985 or 1986.

Plaintiff cannot state a cause of action under § 1983 because he has not alleged, and there is no evidence in the record to show, that defendant is a state actor. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).

Plaintiff cannot prevail under §§ 1985 and 1986 because he has not presented any

4

evidence that shows a conspiracy motivated by racial or other class-based animus. *See Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003); *Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir.), *cert. denied,* 520 U.S. 1267 (1997).

However, plaintiff may proceed under § 1981, which provides a federal remedy for race-based discrimination in private employment. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 450-60 (1975); *Williams v. United Dairy Farmers,* 20 F. Supp. 2d 1193, 1202 (S.D. Ohio. 1998) ("at-will" employees had contractual relationship that fell within the ambit of § 1981); *see also Quinn-Hunt v. Bennett Enters., Inc.,* No. 03-3921, 2005 WL 180966, at *2 (6th Cir. Jan. 26, 2005) (unpublished). Contrary to defendant's assertion, its status as a private employer does not entitle it to summary judgment. Moreover, because a four-year statute of limitations applies to claims under § 1981, *see Jones v. R.R. Donnelly & Sons Co.,* 124 S. Ct. 1836, 1845-46 (2004), the complaint is not time-barred.

Plaintiffs' failure to specify § 1981 is not fatal to his claim if the allegations are sufficient to state a state a claim for relief. *See Quinn-Hunt,* 2005 WL 1890966, at *2.

Section 1981 claims are analyzed under the *McDonnell Douglas/Burdine* framework used for Title VII claims. *See Newman v. Federal Express Corp.,* 266 F.3d 401, 406 (6th Cir. 2001). Thus, to prevail under § 1981, plaintiff must first carry the burden of establishing a *prima facie* case by showing (1) that he is a member of a protected class, (2) that he suffered an adverse employment action, (3) that he was qualified for his position, and (4) that he was either replaced by someone outside of his

protected class or treated differently from similarly situated individuals. *McDonnell Douglas v. Green,* 411 U.S. 792, 802 (1973); *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253- 254 (1981). Where the defendant does not argue that the plaintiff's claims should be dismissed for failure to a make a *prima facie* case, the court may look to the ultimate question of whether the plaintiff was a victim of intentional discrimination. *See Noble v. Brinker Int'l, Inc.,* 391 F.3d 715, 721 (6th Cir. 2004).

Defendant, by relying solely on its status as a private employer, has failed to meet its initial burden of showing the absence of a genuine fact which, under the governing substantive law, might affect the outcome of the action. Accordingly, the motion for summary judgment should be denied, in part, with respect to plaintiff's claims that defendant violated his constitutional rights.

### III. CONCLUSION

For the reasons stated, **IT IS RECOMMENDED THAT** defendant's motion for summary judgment (doc. 16) be **GRANTED in part and DENIED in part.** To the extent that plaintiff seeks a remedy under Title VII, his claims are time-barred. To the extent plaintiff seeks a remedy for a violation of rights under 42 U.S.C. § 1981, however, this case should be allowed to go forward.


Date:   5/11/05                             s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge


6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

M. ZELL WILLIAMS,                      Case No. 1:04-cv-675

       Plaintiff,                           Spiegel, J.
                                             Black, M.J.
vs.

ZUMBIEL BOX AND
PACKAGING COMPANY,

       Defendant.

**NOTICE**

       Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within TEN DAYS after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within TEN DAYS after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).